**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Foster Robberson** (State Bar No. 005939)
Direct Dial: 602.262.5795
Direct Fax: 602.734.3856
Email: frobberson@lrrc.com

**Jared L. Sutton** (State Bar No. 028887)
Direct Dial: 602.262.0259
Direct Fax: 602.734.3924
Email: jsutton@lrrc.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Kurtz, individually and as President of David L. Kurtz, P.C. doing business as The Kurtz Law Firm,<br><br>Plaintiff,<br><br>vs.<br><br>The Goodyear Tire & Rubber Company, an Ohio corporation,<br><br>Defendant. | No.<br><br>**GOODYEAR'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441(a), 1446(a), and Local Civil Rule 3.6(a), Defendant The Goodyear Tire & Rubber Company ("Goodyear") provides notice of the removal to this Court of *Kurtz v. The Goodyear Tire & Rubber Company*, filed in the Arizona Superior Court, Maricopa County, and assigned case number CV2018-053331.

**I.    INTRODUCTION**

In this lawsuit, plaintiff, an attorney, seeks damages for time he spent representing clients against Goodyear in two related lawsuits, one of which is pending in this Court. Plaintiff has asserted federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") at 18 U.S.C. §§ 1341, 1503, 1512, 1961, and 1962, as well as state law claims against Goodyear for fraudulent misrepresentation, fraudulent non-

106320579_2

disclosure, fraudulent concealment, abuse of process, and aiding and abetting.  The Court has jurisdiction over the lawsuit both because the RICO claims arise under federal law and because there is complete diversity of citizenship with an amount in controversy greater than $75,000.  Removal is proper.

## II. THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1331.

Under 28 U.S.C. § 1441(a), a defendant may remove any case over which the Court has "original jurisdiction."  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Plaintiff has asserted claims against Goodyear for alleged RICO violations that exist because of, and therefore arise under, the laws of the United States.  *See Estate of Clark v. Horwich*, 669 F. App'x 393, 395 (9th Cir. 2016) (recognizing RICO as a valid basis for original jurisdiction).  The Court thus has original federal question jurisdiction over the RICO claims.  And because it has original jurisdiction over the federal claims, it may exercise supplemental jurisdiction over the state law claims that arise from the same set of alleged facts and are so related to the RICO claims that they form part of the same case or controversy.  28 U.S.C. § 1367(a).

## III. THIS COURT ALSO HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)(1).

The Court's original jurisdiction includes civil actions "where [1] the matter exceeds the sum or value of $75,000, exclusive of interest and costs, and [2] is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  Both criteria are satisfied here.

### A. The amount in controversy exceeds $75,000.

Plaintiff does not make a specific monetary demand in his Amended Complaint ("FAC").  It therefore becomes Goodyear's burden, as the party seeking to invoke

diversity jurisdiction, to establish that the amount in controversy exceeds $75,000. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (where complaint does not demand a dollar amount, "the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000.") (internal quotations omitted). Goodyear is entitled to rely on allegations and evidence outside the four corners of the FAC. *Id.* ("When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.") (internal quotations omitted).

Proof that more than $75,000 is in controversy in this lawsuit comes from two sources: (1) the FAC, and (2) plaintiff's sworn statement in a related lawsuit. First, in his FAC, plaintiff alleges that, as a result of Goodyear's allegedly improper conduct, plaintiff incurred "thousands of hours of additional unnecessary expense." (Ex. 1(F), FAC ¶ 66.) Plaintiff therefore seeks damages for, among other things, the "thousands of unnecessary hours of work" as the result of Goodyear's alleged conduct. (*Id.* ¶ 192.)

The second source of supporting evidence is a Declaration plaintiff submitted in support of a fee application in 2012 in a related lawsuit, *Haeger v. Goodyear*, No. 2:05-cv-01046-GMS (D. Ariz.) (J. Snow). Plaintiff swore under penalty of perjury that "the prevailing rate for a 30-year practitioner with [his] experience would be $500 per hour." (Ex. 3, Kurtz Decl. ¶ 16.)

Applying plaintiff's own methodology to establish a value for "thousands of hours" of his time, based on his testimony in another case, yields an amount in controversy for this case of not less than $500,000 (that is 1,000 hours x $500) – far more than the amount in controversy threshold.

### B. Kurtz and Goodyear are citizens of different states.

Plaintiff admits in the FAC that he "is and has been a resident at all material times in Maricopa County, Arizona." (Ex. 1(F), FAC ¶ 1.) This admission is sufficient to establish plaintiff's status as a citizen of Arizona for the purposes of Section 1332(a)(1). *See Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) ("Diversity is generally determined from the face of the complaint.").

Plaintiff also alleges – and Goodyear admits – that Goodyear is a corporation organized under the laws of Ohio. (Ex. 1(F), FAC ¶ 3.) Although Goodyear does business throughout the United States (and internationally), its principal place of business is in Ohio, where it is headquartered. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."). Goodyear's officers work out of the corporate headquarters in Ohio, the state from where Goodyear's activities are controlled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (principal place of business is a corporation's "nerve center," usually its headquarters, where its "officers direct, control, and coordinate" its activities). Goodyear does not maintain a headquarters or similar control center in any state other than Ohio.

Because plaintiff is a citizen of Arizona and Goodyear is a citizen of Ohio, this suit is between "citizens of different states."

### IV. THIS NOTICE OF REMOVAL IS TIMELY.

A defendant may file a Notice of Removal within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

Plaintiff filed his original Complaint on October 1, 2018. (Ex. 1(A).) The Complaint was never served on Goodyear and the case was scheduled for administrative dismissal for failure to prosecute. (Ex. 1(E).) On December 31, 2018, the last day before administrative dismissal, plaintiff filed and served the FAC on Goodyear. (Ex. 1(F).) This was the first time Goodyear received the FAC from plaintiff, and therefore the first time Goodyear received any paper setting forth the basis for removal. Goodyear's deadline for filing a Notice of Removal was therefore January 30, 2018 – or 21 days after this Notice is being filed. The Notice is timely.

## V. GOODYEAR HAS COMPLIED WITH THE LOCAL RULE GOVERNING REMOVAL

A copy of the entire state court record, as it existed on the date of this filing, is attached as Exhibits 1(A)-(F). *See* L.R.Civ. 3.6(b). A Declaration from Jared Sutton, confirming that the state court record attached as Exhibit 1(A)-(F) is true and complete, is attached as Exhibit 2. *See id.* The most recent version of the state court docket is attached as Exhibit 3. *See* L.R.Civ. 3.6(a). No motions are pending in the state court. *See* L.R.Civ. 3.6(c). Contemporaneously with this filing, a separate notice will be filed in state court with a copy of this Notice. *See* L.R.Civ. 3.6(a).

## VI. CONCLUSION

Because this case satisfies all of the requirements for being in federal district court and Goodyear followed the process for removal, this case should be removed from the Arizona Superior Court to the United States District Court for the District of Arizona.

DATED this 9th day of January, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ *Jared L. Sutton*
    Foster Robberson
    Jared L. Sutton
Attorneys for Defendant

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and served the attached document by mail and e-mail on the following:

David L. Kurtz
THE KURTZ LAW FIRM
7420 East Pinnacle Peak Road, Suite 128
Scottsdale, AZ 85255

/s/ *Patty Vejar*