**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L Kurtz, et al., | No. CV-19-00152-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Goodyear Tire & Rubber Company, | |
| Defendant. | |

Pending before the Court is Defendant Goodyear Tire & Rubber Company's ("Goodyear's") Motion to Dismiss for Failure to State a Claim (Doc. 15). The Court grants the motion.

## BACKGROUND

In 2005 Plaintiff David Kurtz ("Kurtz") filed his first lawsuit against Goodyear on behalf of his clients, the Haeger family, alleging product liability, design defect, and other various claims. (Doc. 1-3 at 7) ("*Haegar I*"). That case settled on the eve of trial in 2010. But subsequently, Mr. Kurtz discovered through a newspaper article that Goodyear disclosed test results that he had never seen in discovery.

In November 2012, the Court in the *Haegar I* case issued an order encouraging the plaintiffs in that action to file a separate lawsuit dealing with the alleged misconduct in discovery from that case. In May 2013, Mr. Kurtz filed a second lawsuit on behalf of the Haegars against Goodyear in Maricopa County Superior Court, alleging abuse of process

and fraud ("*Haegar II*").[1] The complaint in *Haegar II* alleged that Goodyear crafted a national policy to conceal the truth regarding its G159 tires that stretched back before the *Haegar I* case was filed, that the Goodyear attorneys in *Haegar I* had fraudulently concealed documents in that case, and other various claims of discovery misconduct. (Doc. 15-1 at 14). The complaint requested damages that would make up the difference between the settlement offer accepted in *Haegar I* and the true value of the claims with the newly disclosed material. (Doc. 15-1 at 83).

Plaintiff David Kurtz brings several claims in this lawsuit on his own behalf. Specifically, he brings two claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), three claims of fraud, and individual claims of abuse of process, aiding and abetting, and intentional interference with business expectancy. Crucially, the alleged misconduct underlying the *Haegar II* suit—that Goodyear concealed information regarding its G159 tire—is the exact misconduct that underlies the current suit. But the injury Mr. Kurtz is claiming here is slightly different. Instead of claiming the difference between the settlement offer and the true value of the claims, Mr. Kurtz now claims that he is entitled to compensation for cases he could have taken had Goodyear disclosed the test results at an earlier date, as well as various other expenses. (*See e.g.*, Doc. 1-3, ¶¶ 172-173, 184-186, 195-197, 205-207) (claiming that Mr. Kurtz is entitled to damages for injuries to his business in property, as well as damages for "incurring thousands of hours of unnecessary expense, lost opportunities, emotional damage, and debt.").

Defendant Goodyear now moves to dismiss on several grounds, including that all of Plaintiff's claims are barred by the relevant statutes of limitations.

**I.  Legal Standard**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6) a complaint must contain more than "labels and conclusions" or a

---

[1] The Court will take judicial notice of this document as the parties do not contest its authenticity and the document is referenced in the complaint.

"formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). In deciding a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, in addition to the reasonable inferences that can be drawn from them. *Id*.

## II. Analysis

### A. All Claims Are Barred By the Statute of Limitations

While the claims in this lawsuit have different periods of limitation,[2] the analysis for when the statute of limitations begins running for each claim is the same. Claims accrue for both the RICO and various state law claims when, by reasonable diligence the plaintiff knows or should know of the wrongful conduct, and the plaintiff was harmed or injured as the result. *Keonjian v. Olcott*, 216 Ariz. 563, 566 169 P.3d 927, 930 (Ct. App. 2007) (explaining that the "controlling issue" is "when [the plaintiff] became aware or should have been aware of the cause of their harm."); *Rotella v. Wood*, 528 U.S. 549, 555 (2000) ("Discovery of the injury . . . is what starts the clock."); *Coronado Dev. Corp. v. Superior Ct.*, 139 Ariz. 350, 352, 678 P.2d 535, 537 (1984); *Beneficial Standard Life Inso Co. v. Madariaga*, 851 F.2d 271, 275 (9th Cir. 1988) (holding that civil RICO claim accrues "when [the plaintiff has] actual or constructive knowledge of the fraud"); *see also Hexcel Corp. v. Ineos Polymers Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) ("The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an

---

[2] There are three separate limitations periods for Mr. Kurtz's claims. For his RICO claims, the statute of limitations period is four years. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). For his fraud and aiding and abetting fraud claims, the statute of limitations is three years. Ariz. Rev. Stat. § 12-543; *Serrano v. Serrano*, 2012 WL 75639 at *3 (Az. Ct. App. 2012). And for his abuse of process and tortious interference claims, the statute of limitations period is two years. Ariz. Rev. Stat. § 12-542; *Clark v. Airesearch Mfg. Co. of Ariz. Inc.*, 138 Ariz. 240, 243 (Az. Ct. App. 1983).

investigation which, if reasonably diligent, would have led to the discovery of the fraud.").

Mr. Kurtz alleges several facts in his complaint to support his claims of fraud against Goodyear. The *Haegar II* complaint demonstrates that Mr. Kurtz had actual knowledge of the alleged wrongful conduct at least in 2013. It is also apparent that Mr. Kurtz knew of the non-speculative injuries at that time. For example, Mr. Kurtz claims as damage in this case that he was required to hire an additional law firm to help with representation in *Haegar II*. But that counsel appeared in that case in March 2012—nearly seven years before Mr. Kurtz filed this lawsuit. And Mr. Kurtz would have known at the time he filed the second lawsuit that he would be expending additional resources litigating *Haegar II* that may have precluded him from taking other cases. Because Mr. Kurtz had actual knowledge of both the alleged misconduct and his resulting injury as early as 2013, his claims are barred by the statute of limitations.

In response, Plaintiff argues that he did not sustain actual injury or damages until January 2017, when *Haegar II* settled. Specifically, Plaintiff argues that only after crediting the fee recovery against the damage alleged did Plaintiff know his total damage, or in his words, his "injury." This argument lacks merit. If adopted, this view would toll the statute of limitations for all claims to any date where a separate offset against damages is calculated. It also conflates the distinction between a plaintiff's knowledge of an injury (here, his loss of revenue and additional legal expenses in hiring another firm), and his knowledge of the specific extent of resulting damage (that damage minus his fee award in 2017). Plaintiff does not cite to any authority, and the Court is unaware of any, where a court tolled the applicable statute of limitations period until an offset against the damage was determined. Rather, courts have held that offsets do not toll the limitations period. *See e.g. Keonjian*, 169 P.3d at 929 (explaining that the resolution of a separate claim that would have provided an offset did not toll statute of limitations).

Because Mr. Kurtz had knowledge of the underlying fraud and resulting injury at least six years before he filed this lawsuit, his claims are barred by the various statutes of limitation.

**CONCLUSION**

All of Mr. Kurtz's claims against Goodyear are time-barred. The Court will therefore dismiss the lawsuit.

**IT IS THEREFORE ORDERED** that Goodyear's Motion to Dismiss (Doc. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 8th day of July, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge