WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Kurtz, et al., | No. CV-19-00152-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Goodyear Tire & Rubber Company, | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion to Reconsider. (Doc. 37.) The Court denies the motion. The Court also denies Plaintiffs' Motion to File Reply Memorandum to Defendant Goodyear's Response in Opposition to Plaintiffs' Motion for Reconsideration (Doc. 43) as moot.

## BACKGROUND

In 2005 Plaintiff David Kurtz filed his first lawsuit against Defendant Goodyear Tire & Rubber Company ("Goodyear") on behalf of his clients, the Haeger family. ("*Haeger I*".) That case settled in 2010. However, Kurtz subsequently discovered that Goodyear had not disclosed certain test results during discovery. Consequently, the *Haeger I* court issued an order encouraging plaintiffs in that action to file a separate lawsuit dealing with the alleged discovery misconduct in the case. In May 2013, Kurtz filed a second lawsuit on behalf of the Haegers against Goodyear, alleging abuse of process and fraud. ("*Haeger II*".) The complaint requested damages that would make up the difference between the settlement offer accepted in *Haeger I* and the true value of the claims with the

newly discovered material.

In the case underlying this reconsideration motion, filed in 2018, Kurtz brought several claims on his own behalf, including two claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), three fraud claims, and individual claims for abuse of process, aiding and abetting, and intentional interference with business expectancy. Although the misconduct underlying these claims was the same as the alleged misconduct underlying the *Haeger II* suit, Kurtz's claims in this suit were slightly different. Instead of claiming the difference between the settlement offer and true value of the claims, Kurtz claimed he was entitled to compensation for cases he could have taken but for Goodyear's concealment, as well as other expenses incurred during the same timeframe. Goodyear moved to dismiss on several grounds, including that Kurtz's claims were barred by statutes of limitations. The Court granted Goodyear's motion, finding that Kurtz's claims were barred by statutes of limitations because Kurtz had knowledge of the underlying fraud and resulting injury back in 2013 when he filed the *Haeger II* complaint (at the latest). Kurtz now brings this Motion for Reconsideration, arguing that several matters in the Motion to Dismiss proceedings were "overlooked or misapprehended by the Court and represent manifest error." (Doc. 37 at 1.)

**DISCUSSION**

**I.  Legal Standard**

As Plaintiffs acknowledge in their motion, motions for reconsideration under LRCiv. 7.2(g) are disfavored absent a showing of manifest error or the existence of new facts or legal authority. (Doc. 37 at 1.) Moreover, asking a court to rethink its analysis is not a proper basis for seeking reconsideration. *Morgal v. Maricopa Cty. Bd. of Sup'rs*, No. CIV 07-0670-PHX-RCB, 2012 WL 2368478, at *1 (D. Ariz. June 21, 2012).

**II.  Analysis**

Here, Plaintiffs do not claim the existence of new facts or legal authority. Instead, Plaintiffs argue that the Court overlooked or misapprehended the relevant law or facts. First, Plaintiffs argue the Court overlooked/misapprehended facts and case law establishing

that the RICO 18 U.S.C. 1962(d) conspiracy is not barred by the statute of limitations because the conspiracy continued until late 2016. Next, Plaintiffs argue that the Court overlooked/misapprehended their fraudulent concealment claim, which tolls the limitations period until such concealment is discovered or reasonably should have been discovered. Finally, Plaintiffs argue the Court overlooked/misapprehended their claims of mail fraud, obstruction of justice, abuse of process and intentional interference, because the facts underlying these claims occurred after the May 2013 statute of limitations date adopted by the Court.

Plaintiffs emphasize that this case is "*not* about Goodyear's failure to disclose test results, as the Court concluded," but that they are instead seeking "different damages from different deceptions," namely "plaintiffs' business revenue losses caused by Goodyear's years of concealment of death and injury claims, property damage claim files, adjustment records and NHTSA communications disclosed in 2016." (Doc. 37 at 3.) The Court did not conclude that this case was *only* about Goodyear's failure to disclose test results. The Court understood that this case was about Goodyear's failure to disclose "information regarding its G159 tire" more generally. (Doc. 34 at 2.) The Court nevertheless found that Plaintiffs' claims were time-barred. As the Court noted in the July 8, 2019 Order, claims accrue for both the RICO and various state law claims "when, by reasonable diligence the plaintiff knows or should know of the wrongful conduct, and the plaintiff was harmed or injured as the result. *Keonjian v. Olcott*, 216 Ariz. 563, 566 169 P.3d 927, 930 (Ct. App. 2007)." (Doc. 34 at 3.) "And Mr. Kurtz would have known at the time he filed the second lawsuit that he would be expending additional resources litigating *Haegar II* that may have precluded him from taking other cases." (Doc. 34 at 4.) Plaintiffs argue that they are "entitled to pursue damage caused by *new acts after* the May 2013 statute of limitations as each act which injures the plaintiff starts the statutory period running again," (Doc. 37 at 6), but this argument "conflates the distinction between a plaintiff's knowledge of an injury . . . and his knowledge of the specific extent of resulting damage," (Doc. 34 at 4). The Court has already considered this argument and does not now find that its prior decision

constitutes manifest error.

As to Plaintiffs' argument that Goodyear's fraudulent concealment tolls the statute of limitations, this argument was not raised in Plaintiff's response to Goodyear's motion to dismiss. Raising an argument in a reconsideration motion that was not raised in the prior proceeding "is improper as it forces both the Court and the parties to expend additional time and resources revisiting issues that should have been addressed previously." *Lindquist v. Farmers Ins. Co. of Arizona*, No. CV 06-597-TUC-FRZ, 2008 WL 926553, at *1 (D. Ariz. Apr. 7, 2008). Moreover, "[t]he new authority cited by Plaintiff[s] was readily available long before Plaintiff[s] filed any response to [Goodyear's] motion to dismiss, and Plaintiff[s] give[] no justification for [their] failure to cite this authority in [their] original response." *Id*. Because Plaintiffs failed to raise this fraudulent concealment argument in their response to Goodyear's motion to dismiss, they cannot raise this argument in a motion for reconsideration.

Finally, Plaintiffs argue that Goodyear's deceptive filing to the Court in *Haeger I* on remand constituted mail fraud, obstruction of justice, abuse of process, and intentional interference.[1] Plaintiffs further assert that these claims cannot be dismissed on a statute of limitations basis because the filing occurred in 2018. Goodyear responds that, as with Plaintiff's fraudulent concealment argument, these arguments were not raised in Plaintiff's response to the motion to dismiss and are therefore waived in a motion for reconsideration. The Court agrees with respect to Plaintiff's arguments for obstruction of justice, abuse of process, and intentional interference, as there is no mention of these arguments in connection with Goodyear's May 2018 filing in Plaintiff's response to Goodyear's motion to dismiss. Plaintiffs did, however, argue in their response that "Goodyear's deceptive filing with the Federal Court in *Haeger I* of May 14, 2018" established mail fraud under 18 U.S.C. § 1341 and that Plaintiff had therefore set forth facts constituting mail fraud within "the statute of limitations sufficient to satisfy Rule 9's requirements." (Doc. 25 at

---

[1] According to Plaintiffs' amended complaint, the May 2018 filing included lies about the terms of the settlement agreement between Plaintiffs and Goodyear and misrepresentations about the *Haeger I* court proceedings. (Doc. 1-3 at 61.)

- 4 -

22-23.)

Even though Plaintiffs' claim was properly raised below and is not time-barred, it cannot succeed for reasons articulated by Goodyear in its motion to dismiss. 18 U.S.C. § 1341 prohibits "use of the mails . . . to obtain money or property from the one who is deceived." *Monterey Plaza Hotel Ltd. P'ship v. Local 483 of Hotel Employees & Rest. Employees Union, AFL-CIO*, 215 F.3d 923, 926 (9th Cir. 2000). As in *Monterey Plaza*, Goodyear "did not obtain property by deceiving [Plaintiffs]," *id.*, through its deceptive filing on May 14, 2018. Goodyear's conduct "may have been vexatious or harassing, but it was not acquisitive. The purpose of the mail fraud . . . proscription[] is to punish wrongful transfers of property from the victim to the wrongdoer, not to salve wounded feelings." *Id*. Because Goodyear's deceptive filing did not constitute mail fraud, the Court did not commit manifest error in dismissing Plaintiffs' mail fraud claim.

## CONCLUSION

Plaintiffs have failed to prove the manifest error or existence of new facts or legal authority required to sustain a motion for reconsideration of the Court's Order of July 9, 2019.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider (Doc. 37) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to File Reply Memorandum to Defendant Goodyear's Response in Opposition to Plaintiffs' Motion for Reconsideration (Doc. 43) is **DENIED** as moot.

Dated this 27th day of September, 2019.

_____
G. Murray Snow
Chief United States District Judge